# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS
No. 15-0448V
Filed: August 13, 2015
Unpublished

* * * * * * * * * * * * * * * * * * * * * * * * * *

| | |
|---|---|
| ELLEN GUYER, | * |
| | * |
| Petitioner, | *  Ruling on Entitlement; Concession; |
| | *  Influenza ("Flu") Vaccination; |
| | *  Shoulder Injury Related To |
| SECRETARY OF HEALTH | *  Vaccine Administration ("SIRVA"); |
| AND HUMAN SERVICES, | *  Special Processing Unit ("SPU") |
| | * |
| Respondent. | * |
| | * |

* * * * * * * * * * * * * * * * * * * * * * * * * *

*Ronald Homer, Conway, Homer & Chin-Caplan, P.C., for petitioner.*
*Amy Kokot, U.S. Department of Justice, Washington, DC, for respondent.*

### RULING ON ENTITLEMENT[1]

**Vowell**, Chief Special Master:

On May 4, 2015, Ellen Guyer filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*,[2] [the "Vaccine Act" or "Program"]. Petitioner alleges that she suffers from a shoulder injury resulting from vaccine administration ["SIRVA"] as a result of her October 11, 2013 influenza ("flu") vaccination. Petition at 1. The case was assigned to the Special Processing Unit of the Office of Special Masters.

On August 12, 2015, respondent filed her Rule 4(c) report in which she concedes that petitioner is entitled to compensation in this case. Respondent's Rule 4(c) Report at 1, 4. Specifically, respondent "conclude[s] that petitioner's alleged injury is consistent with SIRVA and that it was caused-in-fact by the flu vaccine she received on October 11, 2013." Respondent further concedes that no alternative causes for petitioner's

---

[1] Because this unpublished ruling contains a reasoned explanation for the action in this case, I intend to post it on the United States Court of Federal Claims' website, in accordance with the E-Government Act of 2002, Pub. L. No. 107-347, § 205, 116 Stat. 2899, 2913 (codified as amended at 44 U.S.C. § 3501 note (2006)). In accordance with Vaccine Rule 18(b), petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all "§" references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2012).

SIRVA were identified, and that the medical records indicate that "petitioner's SIRVA and its sequela persisted for more than six months" after her vaccination.  *Id.* at 4.

**In view of respondent's concession and the evidence before me, I find that petitioner is entitled to compensation.**

**s/Denise K. Vowell**
Denise K. Vowell
Chief Special Master
