# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS
No. 15-448V
Filed: March 18, 2016
Unpublished

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

| | |
|---|---|
| ELLEN GUYER, | |
| Petitioner, | Damages Decision Based on Proffer; |
| v. | Influenza or Flu Vaccine; Shoulder Injury Related to Vaccine Administration |
| SECRETARY OF HEALTH AND HUMAN SERVICES, | ("SIRVA"); Special Processing Unit ("SPU") |
| Respondent. | |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

Ronald Homer, Conway, Homer & Chin-Caplan, P.C., Boston, MA, for petitioner.
Amy Kokot, U.S. Department of Justice, Washington, DC for respondent.

## DECISION AWARDING DAMAGES[1]

**Dorsey**, Chief Special Master:

On May 4, 2015, Ellen Guyer filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, et seq.,[2] [the "Vaccine Act" or "Program"]. Petitioner alleges that she suffers from a shoulder injury resulting from vaccine administration ["SIRVA"] as a result of her October 11, 2013 influenza ("flu") vaccination. Petition at 1.

On August 13, 2015, a ruling on entitlement finding petitioner entitled to compensation for her shoulder injury related to vaccine administration ("SIRVA") was issued. On March 18, 2016, respondent filed a proffer on award of compensation ("Proffer") indicating petitioner should be awarded all items of compensation identified in the joint life care plan attached to the Proffer at Tab A, $125,000.00 for actual and projected pain and suffering, $374.00 for past unreimbursable expenses, and

---

[1] Because this unpublished decision contains a reasoned explanation for the action in this case, I intend to post it on the United States Court of Federal Claims' website, in accordance with the E-Government Act of 2002, Pub. L. No. 107-347, § 205, 116 Stat. 2899, 2913 (codified as amended at 44 U.S.C. § 3501 note (2012)). In accordance with Vaccine Rule 18(b), petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all "§" references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2012).

$13,667.91 to satisfy the State of Vermont Medicaid lien.  Proffer at 1-2.  In the Proffer, respondent represented that petitioner agrees with the proffered award.  Based on the record as a whole, the undersigned finds that petitioner is entitled to an award as stated in the Proffer.

Pursuant to the terms stated in the attached Proffer, **the undersigned awards petitioner payment as follows:**

**1. A lump sum payment of $130,812.36,** representing compensation for life care expenses expected to be incurred during the first year after judgment ($5,438.36), actual and projected pain and suffering ($125,000.00), and past unreimbursable expenses ($374.00), **in the form of a check payable to petitioner, Ellen Guyer.**

**2. A lump sum payment of $13,667.91,** representing compensation for satisfaction of the State of Vermont Medicaid lien, **in the form of a check payable jointly to petitioner and**
**DVHA**
HP Financial Services
P.O. Box 1645
Williston, VT 05495
Attn: Coordination of Benefits Unit
Unique ID#: 94367

Petitioner agrees to endorse this payment to the State of Vermont.

**3. An amount sufficient to purchase an annuity contract(s) subject to the conditions described in the Proffer to provide payment as described in the Proffer, for the life care items contained in the joint life care plan filed as an attachment (Tab A) to the Proffer (with the exception of the life care expenses incurred in the first year after judgment for which payment will be made under #1 above), paid to the life insurance company from which the annuity will be purchased.**

This amount represents compensation for all damages that would be available under § 300aa-15(a).

The clerk of the court is directed to enter judgment in accordance with this decision.[3]

**IT IS SO ORDERED.**

                                   **s/Nora Beth Dorsey**
                                   Nora Beth Dorsey
                                   Chief Special Master

---

[3] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by each party filing a notice renouncing the right to seek review.

2

**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**
**OFFICE OF SPECIAL MASTERS**

|  |  |  |
|---|---|---|
| ELLEN GUYER, | ) ) ) | |
| Petitioner, | ) ) | |
| v. | ) ) | No. 15-448V **(ECF)** Chief Special Master Dorsey |
| SECRETARY OF HEALTH AND HUMAN SERVICES, | ) ) ) ) | |
| Respondent. | ) ) ) | |

**RESPONDENT'S PROFFER ON AWARD OF COMPENSATION**

**I.     Items of Compensation**

A.    <u>Life Care Items</u>

The respondent engaged life care planner Linda Curtis, RN, MS, CCM, CNLCP, and petitioner engaged Maureen Clancy, RN, BSN, CLCP, to provide an estimation of Ellen Guyer's future vaccine-injury related needs.  For the purposes of this proffer, the term "vaccine related" is as described in the Special Master's Ruling on Entitlement, filed August 13, 2015.  All items of compensation identified in the joint life care plan are supported by the evidence, and are illustrated by the chart entitled Appendix A:  Items of Compensation for Ellen Guyer, attached hereto as Tab A.[1]  Respondent proffers that Ellen Guyer should be awarded all items of compensation set forth in the joint life care plan and illustrated by the chart attached at Tab A.  Petitioner agrees.

---

[1] The chart at Tab A illustrates the annual benefits provided by the joint life care plan.  The annual benefit years run from the date of judgment up to the first anniversary of the date of judgment, and every year thereafter up to the anniversary of the date of judgment.

B.     Lost Earnings

Petitioner represents that she is not seeking a claim for past or future lost earnings.

C.     Pain and Suffering

Respondent proffers that Ellen Guyer should be awarded $125,000.00 in actual and projected pain and suffering.  This amount reflects that any award for projected pain and suffering has been reduced to net present value.  See 42 U.S.C. § 300aa-15(a)(4).  Petitioner agrees.

D.     Past Unreimbursable Expenses

Evidence supplied by petitioner documents Ellen Guyer's expenditure of past unreimbursable expenses related to her vaccine-related injury.  Respondent proffers that petitioner should be awarded past unreimbursable expenses in the amount of $374.00.  Petitioner agrees.

E.     Medicaid Lien

Respondent proffers that Ellen Guyer should be awarded funds to satisfy the State of Vermont lien in the amount of $13,667.91, which represents full satisfaction of any right of subrogation, assignment, claim, lien, or cause of action the State of Vermont may have against any individual as a result of any Medicaid payments the State of Vermont has made to or on behalf of Ellen Guyer from the date of her eligibility for benefits through the date of judgment in this case as a result of her vaccine-related injury suffered on or about October 11, 2013, under Title XIX of the Social Security Act.

## II. Form of the Award

The parties recommend that the compensation provided to Ellen Guyer should be made through a combination of lump sum payments and future annuity payments as described below, and request that the Special Master's decision and the Court's judgment award the following:[2]

 A. A lump sum payment of $130,812.36, representing compensation for life care expenses expected to be incurred during the first year after judgment ($5,438.36), pain and suffering ($125,000.00), and past unreimbursable expenses ($374.00), in the form of a check payable to petitioner, Ellen Guyer.

 B. A lump sum payment of $13,667.91, representing compensation for satisfaction of the State of Vermont Medicaid lien, payable jointly to petitioner and

> DVHA
> HP Financial Services
> P.O. Box 1645
> Williston, VT 05495
> Attn: Coordination of Benefits Unit
> Unique ID#: 94367

Petitioner agrees to endorse this payment to the State of Vermont.

 C. An amount sufficient to purchase an annuity contract,[3] subject to the conditions described below, that will provide payments for the life care items contained in the joint life care plan, as illustrated by the chart at Tab A, attached hereto, paid to the life insurance company[4]

---

[2] Should petitioner die prior to entry of judgment, respondent reserves the right to move the Court for appropriate relief. In particular, respondent would oppose any award for future medical expenses, future lost earnings, and future pain and suffering.

[3] At respondent's discretion, respondent may purchase one or more annuity contracts from one or more life insurance companies.

[4] The Life Insurance Company must have a minimum of $250,000,000 capital and surplus, exclusive of any mandatory security valuation reserve. The Life Insurance Company must have one of the following ratings from two of the following rating organizations:

from which the annuity will be purchased.[5]  Compensation for Year Two (beginning on the first anniversary of the date of judgment) and all subsequent years shall be provided through respondent's purchase of an annuity, which annuity shall make payments directly to petitioner, Ellen Guyer, only so long as Ellen Guyer is alive at the time a particular payment is due.  At the Secretary's sole discretion, the periodic payments may be provided to petitioner in monthly, quarterly, annual or other installments.  The "annual amounts" set forth in the chart at Tab A describe only the total yearly sum to be paid to petitioner and do not require that the payment be made in one annual installment.

    1.    <u>Growth Rate</u>

Respondent proffers that a four percent (4%) growth rate should be applied to all non-medical life care items, and a five percent (5%) growth rate should be applied to all medical life care items.  Thus, the benefits illustrated in the chart at Tab A that are to be paid through annuity payments should grow as follows:  four percent (4%) compounded annually from the date of judgment for non-medical items, and five percent (5%) compounded annually from the date of judgment for medical items.  Petitioner agrees.

---

    a. A.M. Best Company:  A++, A+, A+g, A+p, A+r, or A+s;
    b. Moody's Investor Service Claims Paying Rating:  Aa3, Aa2, Aa1, or Aaa;
    c. Standard and Poor's Corporation Insurer Claims-Paying Ability Rating:  AA-, AA, AA+, or AAA;
    d. Fitch Credit Rating Company, Insurance Company Claims Paying Ability Rating:  AA-, AA, AA+, or AAA.

[5]  Petitioner authorizes the disclosure of certain documents filed by the petitioner in this case consistent with the Privacy Act and the routine uses described in the National Vaccine Injury Compensation Program System of Records, No. 09-15-0056.

2. <u>Life-Contingent Annuity</u>

Petitioner will continue to receive the annuity payments from the Life Insurance Company only so long as she, Ellen Guyer, is alive at the time that a particular payment is due. Written notice shall be provided to the Secretary of Health and Human Services and the Life Insurance Company within twenty (20) days of Ellen Guyer's death.

3. <u>Guardianship</u>

Petitioner is a competent adult.  Evidence of guardianship is not required in this case.

**III.**   **Summary of Recommended Payments Following Judgment**

| | | |
|---|---|---|
| A. | Lump Sum paid to petitioner, Ellen Guyer: | **$130,812.36** |
| B. | Medicaid Lien: | **$ 13,667.91** |
| C. | An amount sufficient to purchase the annuity contract described above in section II.C. | |

Respectfully submitted,

BENJAMIN C. MIZER
Principal Deputy Assistant Attorney General

RUPA BHATTACHARYYA
Director
Torts Branch, Civil Division

VINCENT J. MATANOSKI
Deputy Director
Torts Branch, Civil Division

LINDA S. RENZI
Senior Trial Counsel
Torts Branch, Civil Division

s/Amy P. Kokot
AMY P. KOKOT
Trial Attorney
Torts Branch, Civil Division
U.S. Department of Justice
P.O. Box 146
Ben Franklin Station
Washington, DC 20044-0146
Tel.: (202) 616-4118

Dated: March 18, 2016

6